# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------------X
JENNIFER CARLSEN,

                        Plaintiff,

     -against-

IKEA HOLDING US, INC., IKEA US RETAIL LLC and
IKEA NEW YORK, LLC.,

                    Defendants.
-------------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT(S):**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     Plaintiff designates Rockland County as the place of trial.  The basis of venue is the Plaintiff's residence address.  Plaintiff resides at 14 Beech Street, Nanuet, County of Rockland and State of New York.

Dated:  White Plains, New York
         November 19, 2021

                                    *Terrence James Cortelli*
                                    TERRENCE JAMES CORTELLI
                                    STOLZENBERGCORTELLI, LLP.
                                    *Attorneys for Plaintiff*
                                    JENNIFER CARLSEN
                                    305 Old Tarrytown Road
                                    White Plains, New York 10603
                                    (914) 361-4888

TO: **IKEA HOLDING US, INC.**
*Via Secretary of State*

**IKEA US RETAIL LLC**
*Via Secretary of State*

**IKEA NEW YORK, LLC.**
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------X
JENNIFER CARLSEN,

          Plaintiff,

  -against-

IKEA HOLDING US, INC., IKEA US RETAIL LLC and
IKEA NEW YORK, LLC.,

          Defendants.
------------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff JENNIFER CARLSEN, by her attorneys, STOLZENBERGCORTELLI, LLP., complaining of the defendants, IKEA HOLDING US, INC., IKEA US RETAIL LLC and IKEA NEW YORK, LLC., respectfully alleges, upon information and belief, as follows:

1. At the time of the within accident and for some time prior thereto, the plaintiff JENNIFER CARLSEN was a resident of 14 Beech Street, Nanuet, County of Rockland and State of New York.

2. That at all the times hereinafter mentioned and for some time prior thereto, the defendant IKEA HOLDING US, INC., was and still is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York

3. That at all times hereinafter mentioned, upon information and belief, the defendant IKEA HOLDING US, INC., was and still is a foreign corporation authorized to do business within the State of New York.

4. That at all the times hereinafter mentioned, the defendant IKEA HOLDING US, INC., maintains a business address of 100 Ikea Drive, Paramus, New Jersey 07652.

5. That at all the times hereinafter mentioned and for some time prior thereto, the defendant IKEA US RETAIL LLC, was and still is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York

6. That at all times hereinafter mentioned, upon information and belief, the defendant IKEA US RETAIL LLC, was and still is a foreign corporation authorized to do business within the State of New York.

7. That at all the times hereinafter mentioned, the defendant IKEA US RETAIL LLC, maintains a business address of 100 Ikea Drive, Paramus, New Jersey 07652.

8. That at all the times hereinafter mentioned and for some time prior thereto, the defendant IKEA NEW YORK, LLC., was and still is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York

9. That at all times hereinafter mentioned, upon information and belief, the defendant IKEA NEW YORK, LLC., was and still is a foreign corporation authorized to do business within the State of New York.

10. That at all the times hereinafter mentioned, the defendant IKEA NEW YORK, LLC., maintains a business address of 100 Ikea Drive, Paramus, New Jersey 07652.

11. That at all the times hereinafter mentioned, the defendant IKEA HOLDING US, INC., owned the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

12. That at all the times hereinafter mentioned, the defendant IKEA HOLDING US, INC., operated the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

13. That at all the times hereinafter mentioned, the defendant IKEA HOLDING US, INC., maintained the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

14. That at all the times hereinafter mentioned, the defendant IKEA HOLDING US, INC., managed the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

15. That at all the times hereinafter mentioned, the defendant IKEA HOLDING US, INC., controlled the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

16. That at all the times hereinafter mentioned, the defendant IKEA US RETAIL LLC, owned the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

17. That at all the times hereinafter mentioned, the defendant IKEA US RETAIL LLC, operated the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

18. That at all the times hereinafter mentioned, the defendant IKEA US RETAIL LLC, maintained the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

19. That at all the times hereinafter mentioned, the defendant IKEA US RETAIL LLC, managed the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

20. That at all the times hereinafter mentioned, the defendant IKEA US RETAIL LLC, controlled the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

21. That at all the times hereinafter mentioned, the defendant IKEA NEW YORK, LLC., owned the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

22. That at all the times hereinafter mentioned, the defendant IKEA NEW YORK, LLC., operated the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

23. That at all the times hereinafter mentioned, the defendant IKEA NEW YORK, LLC., maintained the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

24. That at all the times hereinafter mentioned, the defendant IKEA NEW YORK, LLC., managed the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

25. That at all the times hereinafter mentioned, the defendant IKEA NEW YORK, LLC., controlled the premises located at 100 Ikea Drive, Paramus, New Jersey 07652, more specifically the parking garage thereat.

26. That at all times hereinafter mentioned, upon information and belief, plaintiff JENNIFER CARLSEN, was a patron of the aforesaid furniture retail store commonly known as "IKEA".

27. That at all times hereinafter mentioned, on March 15, 2021, at approximately 10:00 a.m. and prior thereto, there was a dangerous and hazardous condition at the parking garage at or near the 2nd floor entrance, more specifically a defective curb.

28. That on March 15, 2021, at approximately 10:00 a.m., while using said premises as a patron of the furniture retail store "IKEA" at the above-mentioned location, plaintiff JENNIFER CARLSEN sustained serious and severe personal injuries when she was caused to trip and fall and be precipitated to the ground due to the aforementioned dangerous and defective condition located in the parking garage thereat.

29. That on March 15, 2021, while walking on said premises as a patron of the furniture retail store "IKEA" at the above referenced location, the plaintiff was injured due to the negligence, recklessness and carelessness in the ownership, operation, maintenance, management and control of the above location by the defendants, by their agents, servants and/or employees, when the plaintiff was caused to trip and fall due to a dangerous, hazardous and defective condition in the parking garage thereat.

30. The said occurrence and injuries sustained by this plaintiff were occasioned solely and wholly through and by reason of the carelessness, recklessness and negligence of the defendants, by their agents, servants and/or employees, in causing, allowing, and permitting the said premises to be and remain in the said dangerous, defective and hazardous condition; in failing and omitting to take proper care and caution for the maintenance of the said premises used by persons lawfully on said premises; in

failing and omitting to see to it that the parking garage afforded for accessibility to persons such as the plaintiff and were at all times maintained in a reasonable and suitable condition and free from any and all dangers and hazards; in carelessly and negligently causing, creating, allowing and permitting for a long period of time prior to the plaintiff's fall down, the said premises parking garage to be, become and remain in an unsafe and otherwise dangerous, defective and hazardous condition; in causing, creating, permitting and allowing said areas of public accessibility to persons such as the plaintiff to become and remain in an unsafe, hazardous and unpassable condition; in carelessly and negligently failing to furnish or provide proper safeguards, barriers, banisters, appliances and equipment to protect those persons lawfully on said premises against said dangerous, defective and hazardous condition as existed thereat; in failing and neglecting to maintain the aforesaid area in a safe and proper condition, free from any and all defects, hazards, foreign objects, and to provide a safe passage for those persons lawfully using said premises, and exposing the plaintiff to an unreasonable risk of harmful injuries; in creating a menace, nuisance and trap thereat; in allowing the said parking garage to become and remain in a dangerous and in a precarious and defective condition; in failing to paint or otherwise take measures to remediate the aforesaid dangerous, hazardous and defective condition; in failing to give any notice or warning to persons lawfully and legally walking and using said premises of the dangerous and hazardous condition existing thereat; in violating the statutes, ordinances, rules and regulation, law codes and charter provisions of the County of Bergen and State of

New Jersey, at the time applicable thereat, all of which the Court will take judicial notice at the time of trial as required by law and were otherwise careless and negligent in failing to use proper and suitable precautions for plaintiff's safety.

31. That defendants, through their agents, servants and/or employees, carelessly and negligently caused and created a dangerous condition to be, become and remain on the said parking garage, and the said parking garage was maintained in such a negligent manner so that it was dangerous and unsafe for persons lawfully and legally using said parking garage.

32. That the said occurrence and serious and severe injuries sustained by plaintiff, were occasioned without any negligence on the part of the plaintiff in any manner contributing thereto.

33. That by reason of the aforesaid, plaintiff JENNIFER CARLSEN, was rendered sick, sore, lame, disabled and her injuries, upon information and belief, are of a permanent nature; she has had and will have pain and suffering and a loss of enjoyment of life including the inability to work at her vocation, and she is informed and verily believes that she will be in the future, obliged to incur expenses and obligations for medication, medical care, attention and treatment.

34. That as a result of the foregoing, plaintiff was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction of this matter, along with such other and further relief as this Court deems just and proper.

DATED: White Plains, New York
November 19, 2021

Yours, etc.

*Terrence James Cortelli*
TERRENCE JAMES CORTELLI
S<small>TOLZENBERG</small>C<small>ORTELLI</small>, LLP.
*Attorneys for Plaintiff*
JENNIFER CARLSEN
305 Old Tarrytown Road
White Plains, New York 10603
(914) 361-4888

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------X
JENNIFER CARLSEN,

        Plaintiff,

  -against-

IKEA HOLDING US, INC., IKEA US RETAIL LLC and IKEA NEW YORK, LLC.,

        Defendants.

---

# SUMMONS & VERIFIED COMPLAINT

---

## S<small>TOLZENBERG</small>C<small>ORTELLI</small>, LLP.

*Attorneys for Plaintiff*
*JENNIFER CARLSEN*
*305 Old Tarrytown Road*
*White Plains, New York 10603*
*(914) 361-4888*

    Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED:  White Plains, New York
            November 19, 2021

                                        *Terrence James Cortelli*
                                        TERRENCE JAMES CORTELLI